UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:22-cr-00036-JMS-TAB |
| | ) | |
| | ) | |
| ROBERT SOLOMON | ) | |
| a/k/a ROBERT A. SOLOMON, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Robert Solomon has filed a Motion to Reduce Sentence based on USSC Amendment 821.[57].[1] Mr. Solomon was convicted of Possession with Intent to Distribute 50 Grams or More of Methamphetamine (Actual). [53]. He received a statutory mandatory minimum sentence of 120 months. [53 at 2.] He seeks a "reduction for criminal history status points." [57] The Government has filed a Response in Opposition in which it asserts that Mr. Carruthers is ineligible for any reduction because his sentence was based on a statutory mandatory minimum sentence. [64].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. See *Dillon v. United States*, 560

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Solomon. [58]. Counsel was later granted leave to withdraw. [61]. Mr. Solomon was afforded an opportunity to supplement his petition following the withdrawal, but he did not do so.[62].

U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Mr. Solomon is ineligible for resentencing as his original Guidelines range was not lowered by a subsequent act of the Sentencing Commission. The amended provision provides: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e). While indeed this amendment applies to Mr. Solomon, and he would now receive 0 status points instead of 2, the result is a total of 4 criminal history points instead of 6. *See* U.S.S.G. § 4A1.1(e). The reduction results in no change to Mr. Solomon's Criminal History Category which remains III, as Criminal History Category III applies to anyone with 4-6 criminal history points. Because Mr. Solomon's guideline range would not change, he is not entitled to a sentence reduction. *See* § 3582(c)(2); § 1B1.10(a)(2)(B).

More important, Mr. Solomon's sentence was not based at all on the guidelines. He was sentenced to the statutory mandatory minimum of 10 years which actually far exceeded what would have been his guideline range for 87-108 months. Amendment 821 did not alter the statutory

mandatory minimum 120 months and provides Mr. Solomon no relief. Accordingly, the Court will not proceed to step two under *Dillon*.

For the foregoing reasons, Mr. Solomon Motion to Reduce Sentence [57] is **DENIED.**

Date: 3/20/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
peter.blackett@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

**By U.S. Mail to:**
Robert Solomon
#60917-509
Federal Correctional Institution
P.O. Box 1000
Milan, Michigan 48160